FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUL 2 4 2008

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **HAROLD STEVEN JACKSON** | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| **UNITED STATES OF AMERICA** | * |
| | * |
| Respondent. | * |

**Criminal No. PJM 06-306**
**Civil No.     PJM 07-2793**

## MEMORANDUM OPINION

*Pro se* Petitioner Harold Steven Jackson ("Jackson") has filed a Motion to Vacate, Set Aside or Otherwise Correct Sentence pursuant to 28 U.S.C. § 2255, which the Government opposes.[1] For the reasons set forth below, the Court **DENIES** the Motion.

### I.

On November 28, 2006, pursuant to an agreement reached with the Government, Jackson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Prior to finding that the plea was given knowingly and voluntarily, the Court went to great lengths to ensure that Jackson understood its consequences. It first had the Government give an oral summary of the terms of the agreement, including the parties' stipulation that Jackson's base offense level under the Sentencing Guidelines would be 20 and that the Government reserved the right to seek a four-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(6) because Jackson had possessed the weapon in connection with another felony. Jackson agreed with the Government's oral summary of the agreement. The Court followed this by advising Jackson, *inter alia*, that the maximum period of his supervised release was three (3) years, that he could

---

[1] A duplicate motion was erroneously filed in a separate docket, PJM 08-087. That Motion is MOOT.

be sentenced up to the statutory maximum prison term, i.e., ten (10) years, and that even if he received a sentence he did not like, he could not for that reason withdraw his plea. Jackson acknowledged that he understood the proceedings, that no one had threatened or coerced him into agreeing, that no promise had been made to him outside the written agreement, and that he was satisfied with the services of his counsel.

At sentencing, in opposition to the Government's request, Jackson's counsel objected to the four-level adjustment for possession of a weapon in conjunction with another felony proposed by the Government. Counsel argued that the adjustment could not be imposed by the Court because it was based upon facts not found by a jury and that, in any case, there were not enough facts in the record to support it. The Government then called a witness and presented documents in support of the proposed enhancement. After finding that the Government had met its burden, the Court imposed a four-level upward adjustment, which resulted in an offense level for Jackson of 23. Because his criminal history category was IV, the resulting range of imprisonment under the guidelines was 70 to 87 months. The Court sentenced Jackson to 87 months in prison and three (3) years of supervised release.

## II.

Jackson claims that his attorney's services did not satisfy his Sixth Amendment right to effective assistance of counsel in several respects. First, he contends that counsel failed to argue that he was being selectively prosecuted and/or that counsel failed to raise an objection under the Double Jeopardy Clause in that the Government prosecuted him for the same charge for which he already had a trial scheduled in state court. Second, Jackson alleges that counsel failed to object to the four-level adjustment of his offense level under the Sentencing Guidelines because the enhancement was based on facts neither charged in his indictment nor submitted to the jury.

2

Third, he claims that counsel failed to bring to the Court's attention Amendment 578 to the Sentencing Guidelines, which he contends resulted in the finding of an incorrect base offense level for his offense, *viz.*, felon in possession of a handgun. Fourth, he claims he was not aware that he could receive three (3) years of supervised release following his incarceration and that counsel was ineffective for failing to object to the Court's imposition of such a long period, which he claims exceeded the applicable sentencing guidelines.

Jackson submits that all of counsel's aforementioned failures rendered his guilty plea unknowing and involuntary. The Government says that none of counsel's alleged failures were ineffective or even unreasonable. The Court agrees with the Government.

**III.**

In *Strickland v. Washington*, 466 U.S. 668, 694 (1984), the Supreme Court set forth two requirements to sustain a claim of ineffective assistance of counsel. First, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court's "scrutiny of counsel's performance must be highly deferential." *Id.* at 689. To fall below an objective standard of reasonableness, counsel's performance must be outside "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Second, the defendant must show that he was prejudiced by counsel's performance such that he was deprived of a fair trial with reliable results. *Strickland*, 466 U.S. at 687. The defendant bears the burden of proving that he was prejudiced by counsel's ineffectiveness. *Fields v. Attorney General of the State of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992). When a defendant pleads guilty, he must show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

3

## IV.

To bring a selective prosecution claim, "a defendant must demonstrate that the prosecution had a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Olvis*, 97 F.3d 739, 743 (4th Cir. 1996). The defendant must also establish that similarly situated persons were not prosecuted, and that the Government's decision to prosecute was invidious or in bad faith. *United States v. Armstrong*, 517 U.S. 456, 465-66 (1996). Here, Jackson has failed to show any of the elements of a selective prosecution claim. Obviously, then, he cannot establish that his counsel was ineffective for failing to make such an argument.

Jackson's Double Jeopardy claim is similarly without merit. Prosecution of a crime by a State does not preclude prosecution by the federal government under the Double Jeopardy Clause of the Fifth Amendment. *Heath v. Alabama*, 474 U.S. 82, 88 (1985). In any event, while in the present case Jackson was charged in state court with an offense based on the same facts that underlay his crime in federal court, his state charges were in fact dismissed by an entry of *nolle prosequi*. In other words, he was never convicted of similar charges in state court. Counsel had no rhyme or reason to raise a Double Jeopardy challenge in this case.

As for the allegation that his counsel failed to object to the four-level enhancement of his offense level at the sentencing hearing, the argument not only misrepresents the law in *United States v. Booker*, 543 U.S. 220, 232 (2005); the short, dispositive answer is that she in fact did object. Following *Booker*, the Fourth Circuit made clear that when "applying the Guidelines in an advisory manner, the district court can make factual findings using the preponderance of the evidence standard" without violating the Sixth Amendment. *United States v. Battle*, 499 F.3d 315, 322 (2007). Accordingly, before imposing the four-level adjustment of Jackson's sentence, the Court reviewed documents and heard testimony from Special Agent Katherine Benedict. By

4

a preponderance of the evidence, the Court found that Jackson had illegally possessed a weapon in conjunction with stalking and assault, and the Court assessed the four-level enhancement in light of this fact. The Court was simply unpersuaded by counsel's argument that it was precluded from making this finding.

The Court also finds that Amendment 578 to the Sentencing Guidelines has no bearing in this case. "This amendment has three purposes: (1) to change the definition of "prohibited person" in the firearms guideline so that it includes a person convicted of a misdemeanor crime of domestic violence; (2) to provide the same base offense levels for both a prohibited person and a person who is convicted under 18 U.S.C. § 922(d) of transferring a firearm to a prohibited person; and (3) to make several technical and conforming changes to the firearms guideline." U.S.S.G., app. C, amend. 578. None of these purposes are relevant here. Obviously, then, there is no basis to argue that Jackson's counsel was ineffective for failing to bring the amendment to the Court's attention.

The Court also finds that Jackson was properly advised as to the maximum period of supervised release he could receive. In the plea agreement, Jackson stipulated that he could be sentenced for up to three years of supervised release. His Presentence Report provided for a guideline range of two to three years of supervised release. The Court expressly advised him of this during the plea colloquy. Anything counsel might have advised to the contrary would clearly have been superseded. But even if Jackson's allegation that his counsel misinformed him as to the sentence he could receive were true— and that is extremely doubtful— Jackson would still have no claim for relief. *See United States v. Lambey*, 974 F.2d 1395 (4th Cir. 1992) (Defendant who was sentenced to 360 months was not entitled to relief under 28 U.S.C. § 2255, even though counsel had advised him that his sentence would probably be 78 to 108 months).

5

Finally, the Court finds that Jackson pleaded guilty knowingly and voluntarily. The Court accepted his plea only after ensuring that he understood its consequences and its irrevocability. Jackson acknowledged that he understood and agreed with the Government's oral summary of his plea agreement and that he understood the Court's explanation of his offense and the maximum penalty that he could receive. His statement made under oath affirming satisfaction with counsel's performance is binding upon him absent "clear and convincing evidence to the contrary." *See Fields*, 956 F.2d at 1299. Here there is no evidence to the contrary whatsoever. Jackson has failed to establish that his counsel was ineffective or that her performance prejudiced him in any way.

### V.

For the foregoing reasons, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside or Otherwise Correct Sentence pursuant to 28 U.S.C. § 2255 in Civil Case No. PJM 07-2793.

A separate order WILL ISSUE.

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 22, 2008**

6