IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROLD STEVEN JACKSON, # 40458-037   :
                                                                                     Civil Action No. PJM-12-421
    Petitioner                                  :        Criminal Action No. PJM-06-306

v.                                                       :

UNITED STATES OF AMERICA          :

    Respondent                                :
. . . . . . . . . . . .o0o. . . . . . . . . . .

**MEMORANDUM OPINION**

Pending is a Motion to Vacate, Set Aside or Correct filed by Harold Steven Jackson. Jackson's Motion to Proceed in Forma Pauperis (ECF No. 74) will be dismiss as moot because there is no filing fee for § 2255 proceedings. The Motion to Vacate, Set Aside or Correct (ECF No. 73) will be dismissed without prejudice for lack of jurisdiction.

    **I.**        **Background**

On November 28, 2006, Jackson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922 (g). Jackson was sentenced to eighty-seven months in prison and three years of supervised release. On January 11, 2008, Jackson filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. *See* Civil Action No. PJM-07-2793 (D. Md.). The Court denied the Motion on July 22, 2008 (ECF Nos. 46 and 47).

    **II.**      **Discussion**

The instant petition is a successive § 2255 petition; it may not be considered by this Court without prior authorization from the United States Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) and 2255(h); *In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Since Petitioner provides no evidence that he has obtained pre-filing authorization from the Fourth Circuit, this Motion will be dismissed without prejudice by separate order to follow.

Accompanying this Memorandum Opinion is a packet of instructions published by the Fourth Circuit which addresses the comprehensive procedure to be followed to request authorization to file a successive § 2255 motion.

### III.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §2255, the Court is required to issue or deny a Certificate of Appealability when it enters a final order adverse to the applicant. The Petition provides no basis for issuance of a Certificate of Appealability.  A prisoner seeking a Motion to Vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2).  The Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner has failed to satisfy this standard and a Certificate of Appealabity will be denied.  Denial of a Certificate of Appealability does not

prevent Petitioner from seeking permission to file a successive petition, or pursuing his claims after obtaining such permission.

### IV.     Conclusion

The Court will dismiss the Petition without prejudice for lack of jurisdiction. Petitioner may seek redress by filing a Motion to Vacate, Set Aside or Vacate after obtaining the requisite appellate pre-authorization for a successive petition.  An order consistent with this Memorandum Opinion follows.

March 12, 2012

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE