# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| v. | * | Criminal No. **PJM 06-0306** |
| | * | |
| **HAROLD STEVEN JACKSON** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## <u>MEMORANDUM OPINION</u>

Defendant Harold Steven Jackson was sentenced to 87 months imprisonment on March

06, 2007 for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).

Jackson has moved for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

This section permits a court to modify a sentence if a defendant was sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. § 994(o).  If the sentencing range has been so lowered, the

court must also consider the factors set forth in 28 U.S.C. § 3553(a) and determine whether a

reduction is consistent with applicable policy statements by the Sentencing Commission. *See* 18

U.S.C. § 3582(c)(2).

Jackson's Motion does not identify what amendment subsequently lowered the

sentencing range under which he was imprisoned.  Section 1B1.10(c) of the Sentencing

Guidelines lists all of the retroactively applicable amendments.  A review of the amendments

since 2007 indicates that none would change the range of Jackson's sentence under 18 U.S.C. §

922(g).  Jackson is thus ineligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2),

because he was not sentenced pursuant to a range that has subsequently been lowered by the

Sentencing Commission.

Jackson's Motion is hereby **DENIED.**

A separate Order shall **ISSUE.**

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**June 26, 2013**